UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPACEAGE CONSULTING CORP., | : |
| Plaintiff, | : Civil Action No. 11-5186 (SDW) |
| -vs- | : **REPORT AND RECOMMENDATION** |
| HAI YI, | : |
| Defendant. | : |

## BACKGROUND

On February 1, 2011, attorney Ravi Bhalla, on behalf of plaintiff, SpaceAge Consulting Corp. ("plaintiff"), filed the Complaint in Superior Court of New Jersey, Hudson County. On September 8, 2011, defendant, Hai Yi ("defendant") removed the action to this district court. On September 13, 2011, defendant sought from the Clerk of the Court an extension of time to answer, move or otherwise respond to the Complaint. On September 14, 2011, the Clerk of the Court granted defendant's request.

On September 28, 2011, defendant moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6). On October 24, 2011, Mr. Bhalla wrote to the Court, advising that he no longer represented plaintiff. Yet, with defense counsel's consent, Mr. Bhalla requested on behalf of plaintiff that it be granted an opportunity to retain new counsel and an extension of time to respond to the motion to dismiss. On October 27, 2011, this Court issued an Order, advising Mr. Bhalla that until an Order relieving him as counsel is entered or a

1

substitution of attorney is filed, Mr. Bhalla will remain as counsel of record.

On November 22, 2011, defense counsel wrote to the Court, noting that since the Court's issuance of the Order on October 27, 2011, Mr. Bhalla had neither moved to be relieved as counsel nor filed opposition to the pending motion to dismiss, which by then was overdue.  As such, defense counsel asked if the return date of the motion was adjourned or if the motion would be decided as unopposed.

On December 2, 2011, Mr. Bhalla filed a motion to withdraw as counsel.  In his motion, Mr. Bhalla requested that, if his motion was granted, plaintiff be provided a reasonable amount of time to obtain new counsel and respond to the motion to dismiss.  Yet, Mr. Bhalla noted that, in the event plaintiff fails to do so, the Court should treat the motion as unopposed and adjudicate it on the merits.

On December 19, 2011, defense counsel submitted a response to Mr. Bhalla's motion to withdraw.  Although defense counsel did not oppose the motion, he did oppose Mr. Bhalla's request for additional time to secure new counsel and oppose the dispositive motion.  Defense counsel cited plaintiff's undue delay in securing new counsel and submitting opposition to defendant's motion.  Defense counsel further contended that the strength of the merits of defendant's motion to dismiss alone warranted the denial of Mr. Bhalla's request on behalf of plaintiff.

On December 22, 2011, this Court issued an Order, granting Mr. Bhalla's unopposed motion to withdraw[1], and directing Mr. Bhalla to provide a copy of the Order to plaintiff.  This

---

[1] Notwithstanding defense counsel's assertions to the contrary, in his December 19, 2011 certification, attorney Lindsay Pferrer expressly states that defendant takes no position regarding Mr. Bhalla's motion to withdraw as plaintiff's counsel. (Pferrer 12/19/11 Cert., at ¶ 3).  Instead,

Court further directed plaintiff, which is a corporate entity, to have new counsel enter an appearance on its behalf no later than January 20, 2012, because corporate entities cannot represent themselves under applicable law.  The Court also advised that, if counsel failed to enter an appearance on plaintiff's behalf by January 20, 2012, this Court would ask the District Judge to strike its answer and enter default against it.[2]  The parties were directed to appear before this Court for a status conference on Tuesday January 25, 2012 at 12:30 p.m. or risk the imposition of sanctions.[3]

On January 5, 2012, this Court issued an Order denying defendant's request to promptly decide the motion to dismiss on the merits.  The Court noted its satisfaction that a brief extension of time for plaintiff to retain new counsel is appropriate under the circumstances.  To hold otherwise would place an attorney in an untenable conflict of interest.

On January 25, 2012 defense counsel and Surender Malhan, a principal of the plaintiff corporation, appeared at the scheduled conference.  No counsel appeared on plaintiff's behalf.  Although Mr. Malhan cannot represent plaintiff pro se, or speak on its behalf, the Court, nonetheless, afforded plaintiff additional time to retain counsel.  The Court continued the status conference until February 10, 2012 to afford plaintiff additional time to retain counsel.  The Court again advised Mr. Malhan that corporations cannot represent themselves.  As such, the

---

defendant opposed only any extension of time for plaintiff to respond to the pending motion to dismiss.

[2] The December 22, 2011 Order inadvertently referenced recommending striking the answer as a potential sanction for noncompliance.  As plaintiff has been the non-complying party, the potential sanction would properly be dismissing its Complaint.

[3] The Court ordered the pending motion to dismiss terminated, and advised defendant that he could re-file it if and when an appearance is entered on behalf of plaintiff.

Court warned that failure to obtain counsel shall result in the dismissal of the Complaint. The Court further admonished that failure to appear at the February 10th, conference would result in sanctions, up to and including dismissal of the Complaint.

On February 10, 2012, the date of the status conference, Mr. Malhan wrote to the Court, requesting that the case be dismissed without prejudice, acknowledging that the Court had given him "more than adequate time to hire an attorney," (Dkt. No. 22), while arguing the merits of his claims. In response, on February 14, 2012, defense counsel contested the merits of plaintiff's claims. Counsel further requested that the case be dismissed with prejudice, on the merits; that defendant be awarded legal fees incurred in preparing and filing the motion to dismiss; and that defendant's right to pursue a claim against plaintiff through the courts or the United States Department of Labor be preserved.

## CONCLUSION

Pursuant to settled Third Circuit law, corporations cannot represent themselves pro se. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966). Despite several admonitions and opportunities, the corporate plaintiff, SpaceAge Consulting Corp. has not retained new counsel. Indeed, plaintiff's principal, Mr. Malhan, so acknowledges in his February 10th letter to the Court. Although Mr. Malhan, on behalf of plaintiff, requests that the Complaint be dismissed without prejudice, Mr. Malhan, who is neither a party to this suit nor plaintiff's legal representative, has no standing or authority to raise such a request.

In short, given plaintiff's failure to secure new counsel for nearly two months, I recommend that the District Court dismiss with prejudice the Complaint of the corporate plaintiff, SpaceAge Consulting Corp. (Dkt. No. 1-1). The parties have fourteen (14) days from the date hereof to file

and serve objections.

                            Respectfully submitted,

                            *s/Madeline Cox Arleo*
                            **MADELINE COX ARLEO**
                            **United States Magistrate Judge**

Dated:        February 16, 2012

Original:     Clerk of the Court
cc:           Hon. Susan D. Wigenton, U.S.D.J.
              All Parties
              File